HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNIFYCLOUD LLC,

    Plaintiff,

    v.

SPORTS 1 MARKETING CORP.,

    Defendant.

Case No. 2:19-cv-01519-RAJ

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Enter Default Judgment. Dkt. # 22. For the reasons below, the Court **DENIES** the motion without prejudice.

## II. BACKGROUND

Plaintiff UnifyCloud LLC ("Unify") provides technology and consulting services, such as "cloud storage and computing, cyber security, compliance, cost management, customizing software, [and] programming." Dkt. # 1 ¶ 9. Defendant Sports 1 Marketing Corp. ("Sports 1") is a marketing and business consulting company. *Id.* Unify and Sports 1 entered several agreements. Dkt. ## 1-1, 1-2. In short, they agreed that Unify would create a mobile application for Sports 1 and, later, that Unify would improve the application by adding features to it. Dkt. # 23. Unify alleges that it performed its

ORDER – 1

obligations under the contracts, yet Sports 1 failed to pay, breaching the agreements. Dkt. # 1 ¶¶ 9, 18-19.

On September 23, 2019, Unify sued Sports 1 in this Court for breach of contract, among other things. Dkt. # 1. Unify served Sports 1, Dkt. ## 9, 10, and Sports 1 failed to appear. More than half a year later, Unify moved for default. Dkt. # 17. On June 30, 2020, the Clerk entered default. Dkt. # 20.

Now, Unify moves for default judgment. Dkt. # 22. The matter is ripe and pending before the Court.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter default judgment against a party when the clerk, under Rule 55(a), has previously entered default against that party. Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

For default judgment, a court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," then the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable, and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, No. 2:13-cv-00626-JLR, 2014 WL 358412, at *2 (W.D. Wash. Jan. 31, 2014). In determining damages, a court can rely on declarations submitted by a plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the

ORDER – 2

merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.  DISCUSSION

The Court begins its analysis with the *Eitel* factors and then turns to Unify's requested judgment.

### A.  Possibility of Prejudice to Plaintiff

This factor favors default judgment because if Unify's motion is not granted, it "will likely be without other recourse for recovery." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B.  Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint

These two factors are often analyzed together. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014).  A court must determine if the allegations in the complaint are sufficient to state a claim that supports the relief sought. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978).

The Court finds that these factors favor default judgment.  In its complaint, Unify alleges that it entered several agreements with Sports 1, both written and oral.  Dkt. # 1 ¶¶ 9, 18-19.  It attaches the written agreements.  Dkt. ## 1-1, 1-2.  Unify alleges that it performed its obligations under those agreements, yet Sports 1 did not pay, resulting in its breach.  Dkt. # 1 ¶¶ 9, 18-19.  Additionally, Unify submits a declaration explaining that under those agreements Unify agreed to make custom-made software for Sports 1, specifically a "mobile application that would allow customers of Sports 1 to get various prizes, gifts, rebates, coupons in exchange for providing personal contact information that would allow various recognized companies to contact the customers to offer various

ORDER – 3

additional merchandise, relating to sports teams and related paraphernalia." Dkt. # 23 ¶ 3. According to the declaration, Unify completed the application and tendered it to Sports 1, but Sports 1 only paid part of the contract price. *Id.* ¶ 4. Moreover, Sports 1 asked Unify to add more features to the application that were not reflected in the original contracts. *Id.* ¶ 7. Unify indeed added those features, incurred costs, and was left unpaid by Sports 1. *Id.* ¶¶ 7-10.

Taking Unify's factual allegations from its complaint as true, together with its declaration, the Court concludes that the second and third factors favor default judgment. Unify's factual allegations and evidence support its breach of contract claims. *St. John Med. Ctr. v. State ex rel. Dep't of Soc. & Health Servs.*, 38 P.3d 383, 390 (Wash. Ct. App. 2002).

### C.  Sum of Money at Stake

The amount at stake here, $215,324, is substantial, so this factor would normally weigh against default judgment. Dkt. # 22 at 5. But, put in context, this amount reflects the costs of designing, programming, and improving custom-made software—requiring more than 1,000 hours of labor from "third-party specialized vendors" and computer engineers. Dkt. # 23 ¶¶ 3, 7, 10. Given that, this factor is neutral.

### D.  The Remaining *Eitel* Factors

The rest of the factors favor default judgment. On the fifth factor, the possibility of a dispute over a material fact is unlikely. Unify's factual allegations must be taken as true, and the Court has no reason to suspect that a factual dispute exists. On the sixth factor, Sports 1's neglect is inexcusable—it was served nearly two years ago, Dkt. # 9, and it has been in default for more than a year, Dkt. # 20. Yet Sports 1 has still not appeared. Finally, on the seventh factor, "[a]lthough this factor almost always disfavors the entry of default judgment, it is not dispositive." *Curtis*, 33 F. Supp. 3d 1200 at 1213 (internal quotation marks omitted). Given Sports 1's inexcusable failure to appear, a decision on the merits is impossible, so the seventh factor favors default judgment.

ORDER – 4

On balance, the Court finds that the *Eitel* factors favor Unify.

### E. Requested Judgment

"A plaintiff must . . . prove all damages sought in the complaint." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010). Further, conclusory declarations are insufficient to demonstrate damages. *See Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 630 F. App'x 655, 658 (9th Cir. 2015) ("The declarations on which the judgments were entered are wholly conclusory. Accordingly, we vacate the default judgments . . . .").

Unify requests default judgment of $215,324. Dkt. # 22 at 4. That amount, it says, reflects "the combined sum certain for Sports 1 failure to pay the remaining balance of its written contracts with Unify, as well as the sums incurred by Unify to create an application, the additional features and enhancements that Sports 1 insisted on as the initial version of the application was completed." *Id.* In support of that amount, it offers the declaration of Unify's founder. Dkt. # 23. He attests, without supporting documentation, that $215,324 is the correct amount owed and a reasonable sum certain. *Id.* ¶ 11. He explains that he, or a representative, "can provide additional information, or even testify before this Court, if the Court has any questions or if the Court believes any additional evidence or testimony is necessary to establish Unify's entitlement." *Id.*

The Court concludes that Unify's testimonial evidence is insufficient to calculate a sum certain. As to the amount of damages, the declaration is conclusory and fails to meet Unify's evidentiary burden. The Court has no basis, other than trust alone, to verify Unify's calculations and to conclude that $215,324 is, in fact, the amount it is owed under the agreements. Exercising its discretion, the Court **DENIES** the motion without prejudice to refiling.

/ / /

/ / /

/ / /

ORDER – 5

## V.   CONCLUSION

For the reasons stated above, Plaintiff's Motion to Enter Default Judgment (Dkt. # 22) is **DENIED without prejudice to refiling**.

DATED this 16th day of August, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6